E-FILED
Tuesday, 04 September, 2012  03:31:15 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TIMOTHY SULK, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3184 |
| | ) | |
| WESTERN CORRECTIONAL | ) | |
| CENTER, WEXFORD MEDICAL, | ) | |
| E. SHOEMAKER, MR. BAKER, | ) | |
| R. MILLS, | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Western Illinois Correctional Center, seeks the administration of proper doses of insulin to control his diabetes. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary.  The Complaint and its attachments are clear enough on their own for

1

this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6).  Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56).  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

**ALLEGATIONS**

2

Plaintiff's diabetes is best controlled by taking 20 units of regular, fast-acting insulin per day, and 65 units per day of a long-acting insulin called Lantus. Defendants refuse to give Plaintiff these doses despite Plaintiff's repeated requests, instead providing him with insulin in the amounts they arbitrarily decide. Defendants' actions are allegedly causing Plaintiff's blood sugars to run extremely high, between 200 and 400, with a Hemoglobin A1C of 11.4. Plaintiff's blood sugar readings should be between 70 and 120, and his Hemoglobin A1C was 8.4 when he first arrived at Western. When Plaintiff complained again to Nurse Mills, Plaintiff's regular insulin was increased to 25 units, Plaintiff believes in retaliation for his complaints. The increase in fast-acting insulin causes Plaintiff's blood sugar to fall dangerously low, requiring him to eat more to avoid falling into a diabetic coma, which in turn has caused him to gain unnecessary weight.

## ANALYSIS

Deliberate indifference to a serious medical need violates a prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment. Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir. 2008). The medical need must be objectively serious, meaning "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id., *quoting* Greeno v. Daley,

414 F.3d 645, 653 (7th Cir. 2005).

Plaintiff states a claim for deliberate indifference to his serious medical need. Diabetes is a serious medical need requiring treatment, and a plausible inference of deliberate indifference arises from the refusal of Defendants to administer insulin in the doses necessary to adequately control Plaintiff's diabetes.

However, Plaintiff cannot sue Western Illinois Correctional Center, because a prison is not a person subject to suit under 42 U.S.C. § 1983. Johnson v. Supreme Court of Illinois, 165 F.3d 1140, 1141 (7th Cir.1999) ("states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983"). Additionally, Wexford Health Sources, Inc. ("Wexford"), is not liable for the constitutional violations of its employees unless those violations were caused by a policy or practice of Wexford. Jackson v. Ill. Medi-Car, Inc., 300 F.3d 760, 766 n. 6 (7th Cir. 2002)(private corporations acting under color of state law are treated as municipal entities for purposes of 42 U.S.C. Section 1983; Billings v. Madison Metropolitan School Dist., 259 F.3d 807, 816 (7th Cir. 2001)(municipality liable under § 1983 only if municipality had unconstitutional practice or policy which caused deprivation). In other words, Wexford is not liable solely because Wexford employs Defendants. Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982)(no 42 U.S.C. § 1983 respondeat superior liability for municipality or

private corporation).  No plausible inference arises that Wexford had an unconstitutional policy or practice.  Accordingly, the prison and Wexford will be dismissed.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for September 10, 2012 is cancelled.  The clerk is directed to notify Plaintiff's prison of the cancellation.

2)  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs.  This claim proceeds against Defendants Shoemaker, Baker, and Mills in their individual and official capacities.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) Defendants Western Illinois Correctional Center and Wexford Medical are dismissed.

4) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

5)  If a Defendant fails to sign and return a Waiver of Service to the Clerk

within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)  Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on October 15, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ will issue for Plaintiff's presence unless directed by the Court.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

11)  Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

7

ENTERED: September 4, 2012

FOR THE COURT:

                                        **s/Sue E. Myerscough**

                                          SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE